IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARKIBA JOHNSON, RICK ABBOTT,
TIMOTHY DEAL, JAMES HALL,
JUAN LERMA, RICHARD PEARSON,
MICHAEL POPE, TREVOR POWELL,
CLAIBORNE LEE, JIM BEELER, JOEL
MARTINEZ, ANTONIO AGUILERA,
MICHAEL HARRIS, and
ALONZO FLORES                                                                                           PLAINTIFFS

v.                                      Case No. 4:09-cv-739-DPM

FRAC TECH SERVICES, LTD                                                                        DEFENDANT

ORDER

This case is near the end of discovery, but discovery has not ended. Plaintiffs move to quash Frac Tech's notices to depose Nathan Meier, Galyn Ramsey, and Adrian Druba. FED. R. CIV. P. 30(a)(2)(A)(i); FED. R. CIV. P. 26(b)(2)(A) & (C). Plaintiffs press that Frac Tech conducted thirteen depositions between June and August; that Meier, Ramsey, and Druba are current Frac Tech employees; and that travel to Texas "immediately after the conclusion of the Christmas and New Year's holidays" on a month's notice outweighs the likely benefit of these depositions. *Document No. 120, at 1–3.*

The Court disagrees. Two of the Plaintiffs testified in July that Meier and Ramsey ordered them to claim fewer hours than they had actually worked. *Document No. 123-1, at 27–30; Document No. 123-2, at 70–71*. And Druba was the District Manager for one of the Plaintiffs — "the best person suited to provide testimony as to Mr. Aguilera's job title." *Document No. 123, at 4*. By agreement, Frac Tech has exceeded the usual number of depositions, but this is a big case. Securing the evidence from the witnesses, who are beyond the Court's subpoena power for trial, is important.

Frac Tech should be allowed these depositions. *Bell v. Fowler*, 99 F.3d 262, 271 (8th Cir. 1996); *Johnese v. Ashland, Inc.*, 4:06-cv-1632-GTE, 2007 WL 4589362, at *1–*2 (E.D. Ark. 28 December 2007). First, Meier, Ramsey, and Aguilera have not been deposed. Their depositions are not "unreasonably cumulative[.]" FED. R. CIV. P. 26(b)(2)(C)(i). Their testimony is not obtainable from a "more convenient, less burdensome, or less expensive" source. *Ibid.* And there is no guarantee that Meier, Ramsey, and Druba will continue working at Frac Tech.

Second, though the "ample opportunity" issue is closer, the balance tilts in Frac Tech's favor. FED. R. CIV. P. 26(b)(2)(C)(ii). Frac Tech has had months

to depose Meier, Ramsey, and Aguilera, and should have sought these depositions sooner. But the parties were involved in a deposition dispute starting in early August. *Document No. 103-1, at 4.* The Court eventually intervened in November, declining to "rul[e] in the abstract on whether any more depositions are needed" and encouraging counsel to cooperate. *Document No. 115, at 2.* Though that cooperation did not bear fruit, the Court declines to hold the lost time against Frac Tech.

Finally, the expense of traveling to Fort Worth, Texas, for three depositions on a month's notice does not outweigh the depositions' potential importance in deciding this dispute. FED. R. CIV. P. 26(b)(2)(C)(iii). Frac Tech is willing to be flexible and "re-schedule [the depositions] so long as [they] can occur prior to the discovery cut-off date." *Document No. 120-1, at 1.* The depositions' proximity to the holidays therefore carries very little weight. And as Frac Tech points out, this case's underlying facts occurred in Texas.

Plaintiffs request their attorney's fees and costs in the alternative. Discovery has not closed, however, and expenses associated with the depositions are due in part to the Plaintiffs' choice of an Arkansas venue. According to Frac Tech, Plaintiffs allege damages in the hundreds of

thousands of dollars. *Document No. 123, at 3.* This is not a reopening situation; and the Court concludes that costs and fees are best left to the end of the case.

Plaintiff's motion to quash the notices of deposition, *Document No. 120,* is denied. Frac Tech may depose Meier, Ramsey, and Druba on January 5th or a mutually convenient date before January 17th.

Plaintiffs Joel Martinez and Michael Pope move to dismiss their claims against Frac Tech with prejudice. Their unopposed motion, *Document No. 116,* is granted. FED. R. CIV. P. 41(a)(2).

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

30 December 2010