## INSTRUCTION NO. 1

Members of the Jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions on the law that applies to this case. You must, of course, continue to follow all the instructions I gave you earlier, as well those I give you now.

The instructions I am about to give you now are in writing and will be available to you in writing in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all my instructions, whether given in writing or spoken from this bench, must be followed.

It is your duty as jurors to follow the law as stated in the instructions, and to apply the given rules of law to the facts as you find them to be from the evidence in this case.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law as stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict

upon any view of the law other than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Nothing I say in the instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is.  It is not my function to determine the facts.  You will determine the facts.  During this trial I have occasionally asked questions of witnesses.  Do not assume that because I asked questions I hold any opinion on the matters to which my questions related.

Justice through trial by jury must always depend on the willingness of each individual juror to seek the truth about the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law as given in the Court's instructions.

Statements and arguments of counsel are not evidence in the case. When the lawyers on both sides stipulate or agree on the existence of a fact, however, the Jury must accept the stipulation and regard that fact as proved. The evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them and any documents,

photographs, or other items that are received by the Court, and all facts that may have been admitted or stipulated.  Any evidence on which an objection was sustained by the Court—and any witness statement or tangible item that was stricken by the Court—must  be entirely disregarded.

Anything you may have seen or heard outside this courtroom is not evidence, and it must be entirely disregarded.

## INSTRUCTION NO. 2

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you all here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me, through the marshal, that is signed by one or

more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should never tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Again, nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

## INSTRUCTION NO. 3

You are the sole judges of the credibility of the witnesses and the weight and value to be given to their testimony.  In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider the witness's intelligence; the opportunity the witness had to see or hear the things about which he or she testified; the witness's memory; any motives a witness may have for testifying a certain way; the manner and demeanor of the witness while testifying; whether the witness said something different at an earlier time; the general reasonableness or unreasonableness of the testimony; and the extent to which the testimony is consistent with any other evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent

misrecollection, lapse of memory, or an intentional falsehood — and that may

depend on whether it has to do with an important fact or only a small detail.

## INSTRUCTION NO. 4

In considering the evidence in this case you are not required to set aside your common sense or common knowledge.  You have the right to consider all the evidence in light of your own observations and experiences in the affairs of life.

## INSTRUCTION NO. 5

In these instructions you are told that one or the other party has the burden to prove certain facts. The burden of proving a fact is placed upon the party whose claim or defense depends upon that fact. The party who has the burden of proving a fact must prove it by a preponderance of the evidence. To prove something by the "preponderance of the evidence" is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable.

If, on any issue of fact in the case, the evidence is equally balanced, you cannot find that fact has been proved. The preponderance of the evidence is not necessarily established by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt." This is a stricter standard, which applies in criminal cases. It does not apply in civil cases like this one. You should, therefore, put it out of your minds.

## INSTRUCTION NO. 6

You will remember that certain summaries and charts were admitted in evidence. You may use those summaries and charts as evidence, even though the underlying documents and records may or may not be in evidence. It is for you to decide how much weight, if any, you will give these documents. In making that decision, you should consider all the testimony you heard about the way in which they were prepared and any underlying documents.

# INSTRUCTION NO. 7

It is the sworn duty of the attorney on each side of the case to object when the other side offers testimony or exhibits which that attorney believes are not properly admissible. Only by raising an objection can a lawyer request and obtain a ruling from the court on the admissibility of that evidence being offered by the other side. You should not be influenced against an attorney or his or her client because the attorney has made objections. Do not attempt, moreover, to interpret my rulings on objections as somehow indicating to you who I think should win or lose the case.

## INSTRUCTION NO. 8

All parties to a lawsuit are entitled to the same fair and impartial consideration, whether they are a company — like Frac Tech — or an individual — like each of the Plaintiffs.

# INSTRUCTION NO. 9

A company acts only through its agents or employees and any agent or employee of a company may bind the company by acts and statements made while acting within the scope of the authority delegated to the agent by the company, or within the scope of his or her duties as an employee of the company.

# INSTRUCTION NO. 10

Each of the eight former employees asserts a separate claim against Frac Tech. Each person bears the burden of proving his or her claim that Frac Tech failed to pay him or her overtime. You must consider each person separately, and determine whether he or she has sustained the burden of proof as it applies to his or her claim for overtime compensation. Your verdict for each of the former employees or Frac Tech as to each claim should also be considered separately. Of course, some evidence may pertain to more than one person or claim.

## INSTRUCTION NO. 11

The Fair Labor Standards Act requires an employer engaged in commerce or the production of goods for commerce to pay overtime compensation to an employee who works more than 40 hours in a work week. The Act also requires that the overtime compensation be at a rate not less than one and one-half times the regular rate at which the employee is employed.

## INSTRUCTION NO. 12

To prevail on his or her claim for overtime, each former employee must prove the following essential elements by a preponderance of the evidence:

1.  He or she was employed by Frac Tech Services, LLC during the time period at issue;

2.  Frac Tech is an enterprise engaged in commerce or the production of goods for commerce;

3.  He or she worked more than 40 hours in a work week or work weeks; and

4.  Frac Tech failed to pay overtime compensation at a rate of one and one-half times his or her regular rate for the hours worked in excess of 40 hours.

Frac Tech is not responsible for paying overtime wages to each former employee unless Frac Tech knew or should have known that he or she was working overtime. Each former employee also has the burden of proving, by a preponderance of the evidence, that Frac Tech knew or should have known that he or she had worked overtime during the periods at issue.

Frac Tech has stipulated that each Plaintiff was employed by the company during the relevant time period. Frac Tech has also stipulated that it was an enterprise engaged in commerce or the production of goods for commerce as defined by the Fair Labor Standards Act.

## INSTRUCTION NO. 13

You must determine the number of hours worked by each former employee based on all of the evidence. Frac Tech is legally required to maintain accurate records of its employees' hours worked. If you find that Frac Tech failed to maintain records of the individual's hours worked or that the records kept by Frac Tech are inaccurate, you must accept the employee's estimate of hours worked unless you find it to be unreasonable. An employee's evidence of hours worked may be his or her sworn testimony that you believe.

# INSTRUCTION NO. 14

Work not requested but allowed or permitted is work time. For example, an employee may voluntarily continue to work at the end of the shift.  The reason is immaterial. If the employer knows or has reason to believe that the employee is continuing to work, the time is working time.

The rule is also applicable to work performed away from the premises or the job site or at home. If the employer knows or has reason to know that the work is being performed, the employer must count the time as hours worked. An employer who has knowledge that an employee is working, and who does not desire the work be done, has a duty to make every effort to prevent its performance. An employer who is armed with knowledge cannot stand idly by and allow an employee to perform overtime work without proper compensation. This duty arises even where an employer has not requested the overtime be performed or does not desire the employee to work.

## INSTRUCTION NO. 15

If you find in favor of any former employee and against Frac Tech, then you must determine whether Frac Tech's failure to pay overtime as to that employee was willful.  A violation is "willful" if Frac Tech knew its conduct was prohibited by the Fair Labor Standards Act or showed reckless disregard for whether it violated the Act.

If you find that any violation by Frac Tech was not willful as to that employee, then he or she is limited to recovering up to two year's worth of overtime during the period the employee was working for Frac Tech.  If you find that any violation by Frac Tech was willful as to that employee, then he or she can recover up to three year's worth of overtime during the period the employee was working for Frac Tech.

## INSTRUCTION NO. 16

If you return a verdict for a former employee, then you must determine the issue of actual damages for that person.  Each person's claimed damages must be considered separately.  The measure of damages for an overtime compensation claim is the difference between what Frac Tech should have paid the employee and the amount that he or she was actually paid.

The amount of overtime compensation for work exceeding 40 hours in a work week is calculated by first determining the employee's regular hourly rate of pay for the work week for which the overtime is claimed.  The regular rate for a work week is the hourly rate actually paid to the employee for a normal, non-overtime work week in which he was employed.  The overtime rate is one and one half times the regular rate.  If you find that an employee worked more than 40 hours in a work week and did not receive overtime compensation, then you may award him or her an amount equal to one and one half times his or her regular hourly rate for each overtime hour worked in that work week.

## INSTRUCTION NO. 17

Damages must be reasonable.  You may not award damages based on sympathy, speculation, or guess work.  In determining the amount of any damages that you decide to award, you should be guided by common sense; you may draw reasonable inferences from the facts in evidence.  The law does not require that the former employees prove the amount of their alleged losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

# INSTRUCTION NO. 18

The fact that I have instructed you on the measure of damages should not be considered by you as suggesting any view of mine on which side of this litigation is entitled to receive your verdict.  Instructions on the measure of damages are given for your guidance, as in all cases, in the event you find the issue of liability in favor of one or more of the former employees on their claims from a preponderance of the evidence.

The question of damages is entirely distinct and different from the question of liability.  You should not consider whether a former employee has been damaged until you have first considered and decided whether Frac Tech is liable.

# INSTRUCTION NO. 19

In this case, the parties have agreed that certain facts are not disputed. Their agreement is set forth in the four-page stipulation presented to the Court. I gave each of you a copy of the parties' stipulation, and read it to you, at the start of the case. You should disregard paragraphs 29 and 30 of the stipulation about Richard Pearson because he is no longer in the case. Because the stipulation contains facts that are not disputed, no additional evidence is required with regard to those facts, and you must consider those facts as having been proved.

# INSTRUCTION NO. 20

Finally, the verdict forms are simply the written notice of the decisions that you reach in this case.

## [Verdict forms]

You will take these verdict forms to the jury room, and when each of you has agreed on the answers, your foreperson will fill in each verdict form that you are called upon to answer to reflect your unanimous decision, sign and date them, and then advise the marshal that you are ready to return to the Courtroom.

I add the caution that nothing said in the instructions — nothing in the form of the verdict forms prepared for your convenience — is or was intended to suggest or convey in any way or manner any intimation as to what answers I think you should find.  How you choose to answer the verdict forms shall be the sole and exclusive responsibility of you, the Jury.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by the marshal, signed by your foreperson, or by one or more members of the Jury.  No member of the Jury should ever attempt to communicate with the Court by any means other than a signed

writing; and the Court will never communicate with any member of the Jury on any subject touching the merits of the case, other than in writing, or orally here in open Court.

You will note from the oath about to be taken by the marshal to act as bailiff that he, and all other persons, are forbidden to communicate in any way or manner with any member of the Jury on any subject touching the merits of the case.  Bear in mind also that you are never to reveal to any person, not even to the Court, how the Jury stands, numerically or otherwise, on the issues presented to you unless or until you reach a unanimous verdict.

Marshal, do you solemnly swear to keep this Jury together in the jury room, and not to permit any person to speak to or communicate with them, concerning this case, nor to do so yourself unless by order of the Court or to ask whether they have agreed on a verdict, and to return them into the Courtroom when they have so agreed, or when otherwise ordered by the Court, so help you God?